KIMBALL, C.J.,
concurring.
hi concur for the reasons expressed by Justice Guidry. I write separately, however, to provide additional reasoning. I agree with the Court’s interpretation of La. R.S. 45:144 as providing indemnity for owners or operators of high voltage lines if the owner or operator incurs damages or expenses, including personal injury damages, because of an OPLSA (La. R.S. 45:141 et seq.) violation that results in contact with a high voltage overhead power line, even if the owner or operator’s negligence partly caused the damage. I also agree with the Court’s decision to vacate the district court’s ruling granting summary judgment and dismissing Entergy’s claims for indemnity under La. R.S. 45:144.
Although the majority vacates the summary judgments in favor of the contractors, the majority’s discussion of the line voltage suggests the contractors might be entitled to summary judgment because Entergy did not sufficiently establish the threshold voltage for an OPLSA violation. See Op., p. 52 (“the contractor’s motions for summary judgment were not required to negate all elements, such as the voltage threshold, which Entergy has the burden of proving to establish an OPLSA violation. See La. C.C.P. art. 966(C)(2).”). In reviewing the district court hearing, the majority notes counsel for Entergy incorrectly stated |⅞120 volts is the threshold voltage of a power line under OPLSA.[1] Op., p. 52. In my view, an objective reading of the hearing transcript does not support the majority’s discussion of that issue.
As the parties moving for summary judgment, the contractors had the burden of pointing out an absence of factual support for the threshold OPLSA voltage as an element of Entergy’s claim before En-tergy would be required to produce factual support showing it could satisfy its eviden-tiary burden at trial on that issue. La. C.C.P. art. 966(C)(2). Here, the contractors never contested whether the line involved was a high voltage line. Instead, they argued a utility company could not be indemnified for its own negligence under OPLSA. Alternatively, the contractors argued Entergy had notice of the work being done pursuant to La. R.S. 45:143 and, therefore, could not prove an OPLSA violation.[2] Counsel for Entergy made the “120 volts” statement when the district court asked him to define “high voltage power line.” Subsequent argument focused only on the issues raised by the contractors’ motions for summary judgment. Therefore, I believe it is improper for the Court at this time to discuss whether the line voltage was within OPLSA’s scope because that issue was never raised before the district court in support of the contractors’ motions for summary judgment.
For these reasons, I respectfully concur.

. OPLSA applies to overhead lines with a voltage in excess of 600 volts. La. R.S. 45:141(2).

. Landaverde and Stewart additionally argued they were not persons “responsible for the work” under La. R.S. 45:143 and, therefore, they had no duty to put Entergy on notice of work to be done within ten feet of the lines. The lower courts did not address that issue.